## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR674 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| HOWARD FROST, JR., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Howard Frost's Motion for Reconsideration of Order of Pretrial Detention. (Doc. 21). For the following reasons, the Court **DENIES** Defendant's Motion.

### I. BACKGROUND

On November 9, 2018, a Grand Jury issued an Indictment charging Defendant with one count of Felon in Possession of Firearm and Ammunition, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and two counts of Possession with Intent to Distribute Fentanyl and Cocaine Base, violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Counts 2 and 3"). (Doc. 1). Counts 2 and 3 carry a presumption of pretrial detention. *See* 18 U.S.C. § 3142(e)(3)(A). Defendant waived his right to a Detention Hearing. (Doc. 9).

On May 2, 2020, Defendant filed his Motion. (Doc. 21). The Government responded on May 20, 2020 asking the Court to deny Defendant's request. (Doc. 22).

- 1 -

## II. LAW & ANALYSIS

Defendant argues that the presence of COVID-19 allows the Court to reconsider his pretrial detention.[1]  A district court *may* reopen a detention hearing based on changed circumstances.  18 U.S.C. § 3142(f)(2)(B).  However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)).  "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

Defendant claims "COVID-19 presents [an] 'exceptional reason'" for his pretrial release. (Doc. 21, PageID 70).  Defendant then cites grim statistics and reactions to the pandemic throughout the nation.  If released, Defendant asks to stay with relatives within the District under house arrest or electronic monitoring.  (*Id.* at PageID: 72).

The only changed circumstance that Defendant cites since his waiver of the Detention Hearing is COVID-19.  The Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons.  But courts throughout the country "have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order.'" *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same).  The existence of

---

[1] Defendant bases his request on 18 U.S.C. § 3145(c), which the Court applies in circumstances where a defendant has already been found guilty of an offense or in situations where a defendant appeals a trial court's detention order. Neither of those situations is applicable here.  Rather, as it has in past similar situations, the Court will consider Defendant's request under the "changed circumstances" of 18 U.S.C. § 3142(f)(2). This review fits Defendant's Motion the best, as Defendant acknowledges that "[t]he severity of [COVID-19] risk was not fully understood at the time of his arraignment."  (Doc. 21, PageID: 72).

COVID-19 in our country has no impact on Defendant's flight risk or danger to the community. Defendant does not address either. Defendant is currently facing charges stemming from the unlawful possession of controlled substances and a firearm. The Government alleges Defendant committed the offenses while under judicial supervision in Ohio. Moreover, Defendant has a lengthy criminal history stemming back to his teenage years. But his criminal history has only recently become more severe, with convictions for drug trafficking, unlawful possession of firearms and burglaries. These convictions show Defendant's danger to the community. In fact, early indications demonstrate that Defendant's prior actions have earned him the 'career offender' designation under U.S.S.G. § 4B1.1. (*See* Doc. 14, PageID: 54). Additionally, Defendant presents a flight risk. He has lied to authorities about his identity, escaped from detention facilities and has numerous judicial supervision violations. Accordingly, the Court finds that Defendant remains both a danger to the community and a flight risk. The presence of COVID-19 does not change this finding.

Moreover, Defendant has not demonstrated any impact of COVID-19 on him beyond speculation. Rather, Defendant "fears the very real risk of infection by this deadly virus." (Doc. 21, PageID: 72). He does not allege that he has been exposed to the virus. And his citation to "respiratory disorders" in unsupported by any evidence. As of now, prison officials and Federal authorities are taking the proper precautions to limit the spread of the virus.[2] (*See* Doc. 22, PageID: 81-84). Defendant speculates what may happen to him should an outbreak of COVID-

---

[2] As of May 26, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19. (https://coronavirus.ohio.gov/static/reports/DRCCOVID-19Information.pdf) (last accessed May 27, 2020). The institution is in lockdown, one inmate is in isolation and six inmates are awaiting test results. Furthermore, the facility reports that seven staff members have tested positive for the virus and one has made a complete recovery.

19 occur at the facility.  The Court will not release Defendant on such speculation, especially since he remains a danger to the community and a flight risk.

Accordingly, since the new information of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community, the Court declines to reopen the detention hearing and maintains Defendant's detention.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO
Senior United States District Judge**

**Dated: May 28, 2020**